1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES MCNEIL,                          │   Civil No.    09-2339 WQH (WMc)

12                          Petitioner,      │
                                             │   **ORDER DISMISSING HABEAS**
13              vs.                          │   **PETITION WITHOUT PREJUDICE**
                                             │   **AS SECOND OR SUCCESSIVE**
14   J. WALKER, Warden,                      │

15                          Respondent.      │

16

17          On October 19, 2009, Petitioner, a state prisoner proceeding pro se, filed a Petition for

18   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In this action Petitioner is challenging his

19   March 29, 2000 San Diego County Superior Court conviction and sentence for indecent

20   exposure in case number SCD147489.  (See Petition at 2.)

21          **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

22          The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has

23   submitted to this Court challenging his March 29, 2000 conviction in San Diego Superior Court.

24   On September 27, 2005, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO.

25   DIST. CA. CIVIL CASE NO. 05cv1852.  (See Petition in SO. DIST. CA. CIVIL CASE NO. 05cv1852

26   J (PCL), filed 9/27/05.).  In that petition, Petitioner challenged his conviction and sentence in

27   San Diego Superior Court case No. SCD-147486.  (Id. at 3.)  On August 31, 2005, this Court

28   dismissed the petition because it had been filed well after the expiration of the one-year statute

1  of limitations.  (See Order filed 8/31/05 in SO. DIST. CA. CIVIL CASE NO. 05cv1852 J (PCL).)

2  Petitioner has not appealed that determination.

3  **INSTANT PETITION BARRED BY GATEKEEPER PROVISION**

4  Petitioner is now seeking to challenge the same conviction he challenged in his prior

5  federal habeas petition.  Unless a petitioner shows he or she has obtained an order from the

6  appropriate court of appeals authorizing the district court to consider a successive petition, the

7  petition may not be filed in the district court.  See 28 U.S.C. § 2244(b); Murray v. Greiner, 394

8  F.3d 78 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of

9  limitations renders subsequent petitions challenging the same conviction or sentence "second

10  or successive" under 2244(b)); Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C. D. Cal. 2003)

11  (same).  Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner

12  leave to file a successive petition.

13  **CONCLUSION**

14  Because there is no indication Petitioner has obtained permission from the Ninth Circuit

15  Court of Appeals to file a successive petition, this Court cannot consider his Petition.

16  Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition

17  in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.  For

18  Petitioner's convenience, the Clerk of Court shall attach to this Order a  blank Ninth Circuit

19  Application for Leave to File Second or Successive Petition.)

20  The Clerk shall close the file.

21  **IT IS SO ORDERED.**

22  DATED:  November 9, 2009

23  _William Q. Hayes_

24  **WILLIAM Q. HAYES**
United States District Judge

25

26

27

28